IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| STEVEN A. TALIANI,<br>    Plaintiff,<br><br>v.<br><br>JASON GARZA, *et al.*,<br>    Defendants. | Case No. 4:25-cv-04062-JEH |

**Order**

    Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill"). (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

    Plaintiff files suit against Grievance Officer Jason Garza, Health Care Unit Administrator Nellie Boone, and Security Staff John Does 1-14.

Plaintiff alleges he injured his shoulders when he fell from the top bunk in his cell. On January 8, 2019, Plaintiff was referred to a physical therapist, Dr. Edward McEwen, for an examination. Dr. McEwen examined Plaintiff on March 6, 2019, and recommended stretching and strength exercises in Hill's gym.

Between January 1, 2020, and March 23, 2020, Defendants John Does 1-14 allegedly denied Plaintiff access to the gym to complete his physical therapy exercises.

In January and February 2020, Plaintiff sent letters to Defendant Boone notifying her that security staff cancelled his physical therapy sessions in the gym. Plaintiff alleges Defendant Boone did not respond to his letters or take action.

Plaintiff submitted a grievance on February 4, 2020. Plaintiff received a response from the Grievance Counselor on May 21, 2020. Plaintiff submitted the grievance to the Grievance Office for second level review on May 29, 2020. On January 26, 2023, Defendant Garza provided Plaintiff with a Grievance Officer's Report, which stated: "Be advised security denied nothing; you provided dates you were not scheduled for physical therapy and provided false information on a Grievance." (Doc. 1 at p. 11). Plaintiff submitted an appeal to the Administrative Review Board ("ARB"). On May 9, 2023, Jon Loftus, an ARB member, denied Plaintiff's appeal.

## II

It appears that Plaintiff's claims are barred by the statute of limitations, as Plaintiff alleges conduct that occurred more than two years before he filed his Complaint. Claims brought under § 1983 are generally governed by a two-year statute of limitations. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). A claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Hileman v. Maze*, 367 F.3d 694, 696

(7th Cir. 2004) (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)). "The statute of limitations is an affirmative defense, but if a plaintiff 'pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.'" *Bray v. Gary Police Dept. Chief*, No. 2:10-CV-229, 2010 WL 2674531, at *1 (N.D. Ind. June 28, 2010) (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993)); *see also Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("[a] statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate.").

Here, the most recent allegation against the Doe Defendants occurred on March 23, 2020, when John Doe 14 informed Plaintiff that his physical therapy session was cancelled. The most recent allegation against Defendant Boone occurred on approximately February 1, 2020, when Plaintiff sent her a third letter informing her that security staff continued to cancel his physical therapy sessions. Regarding Defendant Garza, the most recent allegation occurred on January 26, 2023, when he provided Plaintiff with a Grievance Officer's Report. All of Plaintiff's claims occurred more than two years before he filed his Complaint on March 25, 2025, and are barred by the statute of limitations.

Plaintiff's Complaint is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A(b)(1). Out of an abundance of caution, the Court will allow Plaintiff one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint must stand complete on its own and must not refer to his previous Complaint.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A(b)(1). Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Failure to file a timely Amended Complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

*It is so ordered.*

Entered: April 15, 2025

s/Jonathan E. Hawley
U.S. District Judge