IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

STEVEN A. TALIANI,
    Plaintiff,

v.

JASON GARZA, *et al.*,
    Defendants.

Case No. 4:25-cv-04062-JEH

**Merit Review Order**

    Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill"). (Doc. 9). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

    Plaintiff files suit against Grievance Officer Jason Garza, Healthcare Unit ("HCU") Administrator Nellie Boone, and Security Staff John Does 1-14.

Plaintiff alleges he injured his shoulders when he fell from the top bunk in his cell. On January 8, 2019, Plaintiff was referred to a physical therapist, Dr. Edward McEwen, for an examination. Dr. McEwen examined Plaintiff on March 6, 2019, and recommended physical therapy, including stretching and strength exercises, in Hill's gym for twenty weeks.

Between January 1, 2020 and March 23, 2020, Defendants John Does 1-14 allegedly denied Plaintiff access to the gym even though he had an Offender Call Pass for physical therapy sessions. (Doc. 9 at pp. 9-12). The following Defendants allegedly denied Plaintiff access to physical therapy on the dates below:

John Doe 1 – January 1, 2020 (*id.* at ¶¶ 20-22)

John Doe 2 – January 3, 2020 (*id.* at ¶¶ 23-25)

John Doe 3 – January 11, 2020 (*id.* at ¶¶ 26-28)

John Doe 4 – January 12, 2020 (*id.* at ¶¶ 29-31)

John Doe 5 – January 24, 2020 (*id.* at ¶¶ 32-34)

John Doe 6 – January 27, 2020 (*id.* at ¶¶ 35-37

John Doe 7 – January 29, 2020 (*id.* at ¶¶ 38-40)

John Doe 8 – January 30, 2020 (*id.* at ¶¶ 41-43)

John Doe 9 – January 31, 2020 (*id.* at ¶¶ 44-46)

John Doe 10 – February 3, 2020 (*id.* at ¶¶ 47-49)

John Doe 11 – March 6, 2020 (*id.* at ¶¶ 50-52)

John Doe 12 – March 16, 2020 (*id.* at ¶¶ 53-56)

John Doe 13 – March 20, 2020 (*id.* at ¶¶ 57-59)

John Doe 14 – March 23, 2020 (*id.* at ¶¶ 60-62)

In January and February 2020, Plaintiff sent three letters to Defendant Boone notifying her that security staff cancelled his physical therapy sessions in the gym. *Id.* at pp. 41-43. Plaintiff alleges Defendant Boone did not respond to his letters or

take corrective action to ensure he received physical therapy. As a result, Plaintiff alleges he experienced prolonged pain and lost mobility in his shoulders.

On February 4, 2020, Plaintiff submitted a grievance, which stated:

> This Grievant maintains a Doctor's Order for Physical Therapy, to be 5 times per week. This Grievant's Physical Therapy has been cancelled by security staff on the following dates in January; 01, 03, 11, 12, 24, 27, 29, 30, 31, 2020. This Grievant's prescribed physical therapy has been made available only 14 days of the 23 days prescribed in January 2020.

*Id.* at p. 44. Plaintiff received a response from the Grievance Counselor on May 21, 2020. Plaintiff submitted the grievance to the Grievance Office for second level review on May 29, 2020. Plaintiff alleges Defendant Grievance Officer Garza turned a "blind eye" to his medical needs by ignoring his grievance for over two years. On January 26, 2023, Defendant Garza responded to his grievance stating, in part: "Please note you did not have any call passes for physical therapy on 1/1, 1/3, 1/27, 1/28, 1/29, 1/30…ergo, your claims of being denied by security staff on those days is factually inaccurate and is a false statement as you had no call pass that day." *Id.* at p. 46. Defendant Garza further stated: "Be advised security denied nothing; you provided dates you were not scheduled for physical therapy and provided false information on a grievance." *Id.*

On January 27, 2023, the Chief Administrative Officer concurred. *Id.* Plaintiff appealed to the Administrative Review Board ("ARB"). On May 9, 2023, the ARB denied Plaintiff's appeal, finding that "the issue was appropriately addressed by the facility Administration." *Id.* at p. 49.

## II

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective

and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

The Court finds that Plaintiff's allegations against Defendants HCU Administrator Boone and John Does 1-14 are sufficient to proceed on an Eighth Amendment deliberate indifference claim based on the alleged denial of his prescribed physical therapy sessions between January 1, 2020 and March 23, 2020. The Court also finds that Plaintiff has stated a plausible deliberate indifference claim against Defendant Grievance Officer Garza, who allegedly turned a "blind eye" to his plight and failed to respond to his grievance regarding the denial of his physical therapy sessions for well over two years. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (allowing plaintiff to proceed on Eighth Amendment deliberate indifference claim against grievance officials).

The Court notes that Plaintiff's February 4, 2020 grievance makes no mention of Defendant Boone and refers to Defendants John Does as simply "security staff." (Doc. 9 at p. 44). *See* 20 Ill. Admin. Code § 504.810(c). It is generally

4

recognized that a grievance must contain sufficient information so as to alert the prison to "the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). A plaintiff who does not provide this necessary information fails to exhaust. *See Ambrose v. Godinez*, 510 F. App'x 470, 472 (7th Cir. 2013) (plaintiff failed to exhaust where he did not identify defendants "by name or inference"); *see also Woods v. Schmeltz*, No. 13-1477, 2014 WL 3490569, at *4 (C.D. Ill. July 14, 2014) (plaintiff must provide enough information for "the prison to determine which of its employees were involved in the incidents…"). However, the failure to exhaust is "an affirmative defense that ordinarily should be raised—and must be proven—by the defendant. A district court may dismiss a complaint where 'the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous…But the defense must be unmistakable….'" *Boyce v. Illinois Dep't of Corr.*, 661 F. App'x 441, 443 (7th Cir. 2016) (internal citations omitted). Plaintiff is hereby placed on notice that if he failed to properly exhaust grievance procedures, his claims must be dismissed.

Finally, Defendants John Does 1-14 cannot be served. As such, the Court *sua sponte* adds Tyrone Baker, the Warden of Hill Correctional Center, in his official capacity as a party to facilitate the identification of the Doe Defendants. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Warden Baker aimed solely at identifying John Does 1-14. After the Doe Defendants have been identified, Warden Baker may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify the Doe Defendants and file a motion to substitute the real names of

John Does 1-14. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

**IT IS THEREFORE ORDERED:**

    1)    According to the Court's merit review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed an Eighth Amendment deliberate indifference claim against Defendants Jason Garza, Nellie Boone, and John Does 1-14, as stated above. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

    2)    The Clerk is directed to ADD Tyrone Baker, the Warden of Hill Correctional Center, as a Defendant (in his official capacity only) to assist Plaintiff in identifying Defendants John Does 1-14.

    3)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

    4)    The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    5)    Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and

subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: July 18, 2025

s/Jonathan E. Hawley
U.S. District Judge